UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

BILLY W. BRYANT, on behalf of )
himself and all others similarly )
situated, )
 )
 ) No: _____
 Plaintiff, )
 )
vs. )
 )
 )
T & T PRODUCE, INC., )
 
 Defendant.

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), Plaintiff files this lawsuit against Defendant on behalf of himself and all others similarly situated, and for his cause of action states as follows:

1. Defendant T & T Produce, Inc. is a corporation incorporated under the laws of Tennessee and authorized to do business in the State of Georgia. Its principal office is located in Ringgold, Georgia. Its registered agent for service of process is Anthony M. Buchanan, 124 Park Industrial Boulevard, Ringgold, GA 30736.

2. Defendant transports various produce products various trucks and

vans that are owned and/or leased by Defendant. Defendant employs numerous drivers who drive these vehicles, some of which weigh less than 10,001 pounds.

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

4. Plaintiff was employed by Defendant from approximately August 2011 through July 2012. Plaintiff reported to work at Defendant's offices/facilities located in Ringgold, GA.

5. While Plaintiff was employed by Defendant, he worked as a driver and drove trucks and vans provided by Defendant. Plaintiff routinely drove vehicles that weighed less than 10,001 pounds. Plaintiff delivered various produce products across state lines to various destinations including Alabama, Georgia and Tennessee.

6. While Plaintiff was employed by Defendant, during weeks in which he drove vehicles weighing less than 10,001 pounds, he routinely worked overtime hours of more than 40 per workweek for which he was not paid overtime compensation of one and one-half times his regular rate of pay.

7. Defendant delivers products across state lines to various states throughout the United States. Accordingly, at all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods

for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

8. While Plaintiff worked for Defendant, Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

9. While Plaintiff worked for Defendant, he was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

10. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

11. While Plaintiff was employed by Defendant, during weeks in which he drove vehicles weighing less than 10,001 pounds, he was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA and the SAFETEA-LU Technical Corrections Act of 2008.

12. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked was a violation of Section 207 of the FLSA.

13. Defendant's violation of Section 207 of the FLSA was willful.

Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime pursuant to the FLSA, or recklessly disregarded its duty to learn its legal obligations.

14. Defendant's violation of Section 207 of the FLSA was not in good faith.

15. As a result of Defendant's failure to comply with Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

16. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

17. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. Section 216(b).

18. Plaintiff is aware of other similarly situated employees and/or former employees of Defendant who have been improperly compensated in violation of the FLSA, and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, Plaintiff is aware of other employees of Defendant who drove vehicles weighing less than 10,001 pounds during some workweeks and who were not paid overtime wages at a rate of one

and one-half times their regular rate of pay for all hours worked over 40 during those weeks. All other drivers who have worked for Defendant within the last three years driving vehicles weighing less than 10,001 pounds, and have not been paid overtime wages for all hours worked over 40 during each workweek in which they drove such vehicles, are similarly situated to Plaintiff and should be given notice of this lawsuit and the opportunity to join.

19. All other similarly situated employees are also entitled to damages in the form of back pay, liquidated damages, and attorney's fees.

20. Pursuant to Section 216(b) of the FLSA, Plaintiff has filed a Consent to Become Party Plaintiff, which is attached hereto as Exhibit A.

WHEREFORE the named, representative Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, prays for the following relief:

(a) That he be allowed to give notice to all other potential Plaintiffs who may be similarly situated, or that the court issue such notice;

(b) That other similarly situated former and present employees be given the opportunity to join this lawsuit as party Plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

(c) That he and all other Plaintiffs be awarded damages in the amount of

their respective unpaid overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

    (d)    An award of reasonable attorney's fees;

    (e)    An award of the costs and expenses of this action; and

    (f)    All further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.
GA Bar #387630
4525 Harding Road
Suite 200
Nashville, Tennessee 37205
(615) 313-8188
Facsimile: 615-313-8702
rscottjackson@rsjacksonlaw.com

/s/John R. McCown
John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way
Suite 208
Dalton, GA 30721
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com

Attorneys for Plaintiff